**SO ORDERED.**

**SIGNED this 18 day of August, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | |
| **CHARLES T. OHNMACHT and**<br>**CAROLYN G. OHNMACHT,** | **CASE NUMBER: 09-08106-8-JRL**<br>**CHAPTER 11** |
| Debtors. | |

_____

| | |
|---|---|
| **IN RE:** | |
| **CHARLES and CAROLYN OHNMACHT,** | |
| Plaintiffs,<br>v. | **ADVERSARY PROCEEDING**<br>**NO.  10-00020-8-JRL** |
| **COMMERCIAL CREDIT GROUP INC.,** | |
| Defendant. | |

_____

**ORDER**

This matter came before the court on cross motions for summary judgment. The parties agreed these matters are appropriate for decision without a hearing. For the reasons stated below, the plaintiffs' motion is granted.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1.  Prior to the bankruptcy, the defendant filed suit against the plaintiffs in Mecklenburg County Superior Court alleging non-payment of monies owed.

2.  On July 23, 2009, a default judgment (the "judgment") was entered against the plaintiffs.  At such time, the plaintiffs were insolvent.

3.  The plaintiffs do not own property in Mecklenburg County.

4.  On August 24, 2009, the judgment was docketed in New Hanover County.

5.  The plaintiffs own property in Wilmington, North Carolina.

6.  On September 18, 2009, the plaintiffs filed a petition for relief under chapter 11 of the Bankruptcy Code.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The "plain language of Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

This is a preference action in which the plaintiffs contend that entry of the judgment within 90 days of the petition may be avoided pursuant to § 547(b). The defendant argues that in accordance with N.C.G.S. § 1-234, the judgment docketed in Mecklenburg County became a lien against any real property in that county. Since the plaintiffs do not own property in Mecklenburg, the defendant asserts no interest was transferred and the judgment can not be avoided as preferential. Based on the plain language of § 547(b) and § 1-234 of the general statues, the court finds that the trustee may avoid the judgment as a preference.

A transfer of interest is preferential when it is made for the benefit of a creditor, on an antecedent debt, while the debtor was insolvent. 11 U.S.C. § 547(b). When such transfer is "made on or within 90 days before the date of the filing of the petition," the trustee may avoid the preference. 11 U.S.C. § 547(b)(4)(A). As defined by the Code, a transfer includes the creation of a lien. 11 U.S.C. § 101(54). It is undisputed that the defendant was a creditor of the insolvent plaintiffs for an antecedent debt when the judgment was docketed in Mecklenburg County on July 23, 2009. It is also uncontested that the plaintiffs own no property in Mecklenburg County. Therefore, the defendant is correct in its assertion that no lien was created

on July 23, 2009.  However, this is not the date of lien creation or filing which the plaintiffs contend is preferential.

To make its argument, the defendant appears to rely on the portion of N.C.G.S. § 1-234 which reads, "the judgment is a lien on the real property in the county where the same is docketed . . . ." However, section 1-234 also allows for a judgment to be docketed "on the judgment docket of the court of any other county upon the filing with the clerk thereof of a transcript of the original docket . . . ."  Although not mentioned in the defendant's motion, the judgment originally filed in Mecklenburg County was docketed a month later in New Hanover County on August 24, 2009.  The plaintiffs own property in Wilmington, North Carolina.  Therefore, a transfer of an interest of the debtor in property was effectuated by the filing of the judgment in New Hanover County less than 90 days before September 18, 2009, the date of petition.

Based on the foregoing, the plaintiffs' motion for summary judgment is **ALLOWED**.  The defendant's motion for summary judgment is **DENIED**.  The judgment lien of August 24, 2009 is avoided.

**END OF DOCUMENT**